1829.

Chase
v.
Dunham.

[*572]

---

### CHASE v. D. R. AND A. F. DUNHAM AND OTHERS.

Under the general rule of the court, allowing the complainant to amend upon an insufficient answer, he cannot amend by leaving out the name of the defendant; and thus discontinue the suit against him without costs.[1]

August 4th.

THE complainant excepted to the answer of D. R. and A. F. Dunham for insufficiency; and the exceptions were sustained. These defendants then put in a further answer, in March, 1829, and in May term thereafter moved to dismiss the bill for want of prosecution. On that application the complainant obtained leave to amend upon payment of costs. He thereupon amended his bill by leaving out the names of these defendants entirely.

*H. W. Warner*, for D. R. and A. F. Dunham, now moved for costs against the complainant.

*I. W. R. Bromley*, contra.

THE CHANCELLOR:—The leave to amend given to the complainant in May last, was not an amendment under the general rule of the court. He had forfeited that right by neglecting to amend for several months after the further answer

[1] *Russell* v. *Spear*, 5 How. Pr. R. 142.

1829.

Gardiner
v.
Dering.

was put in. It was, therefore, allowed only on payment of costs. But the amendment itself was not one contemplated by that rule, as to these defendants. The party cannot except the answer of a defendant, and then amend him out of court without costs under that rule. The object of the rule is to allow such amendments as may be necessary to obtain relief against the party whose answer is excepted to; as he can put in his answer to the amendments and exceptions together, without any more expense than if those amendments had been incorporated in the original bill.

The complainant must pay the taxable costs of these defendants within twenty days after service of the taxed bill.